**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KYLE FINNELL,** | : | **Case No. 2:25-cv-1421** |
| **Plaintiff,** | : | |
| | : | **Judge Douglas R. Cole** |
| **vs.** | : | **Chief Magistrate Judge Stephanie K. Bowman** |
| **ROBERSON, *et al.*,** | : | |
| **Defendants.** | : | |

# ORDER

Plaintiff, a prisoner incarcerated at the Madison Correctional Institution in London, Ohio, has submitted a *pro se* civil rights complaint in this case. (Doc. 1-1). The Court issued a Deficiency Order because plaintiff's initial motion for leave to proceed *in forma pauperis* was incomplete. (*See* Docs. 1, 2). Plaintiff then filed a second motion for leave to proceed *in forma pauperis*, (Doc. 3), as well as a motion to waive filing fees, (Doc. 4).

As an initial matter, plaintiff asks the Court to waive filing fees in this action on the basis that he has filed multiple other civil lawsuits in this Court and the collection of all filing fees simultaneously leaves him with "no income for postage, copying, paper, envelopes, writing utensils, etc. . ." (Doc. 4, at PageID 51-52). However, "[u]nder the [Prison Litigation Reform Act] PLRA, 'federal courts may not waive or reduce the filing fee for an indigent prisoner proceeding IFP. § 1915(b)(1). Instead, the statute provides that a prisoner proceeding IFP 'shall be required to pay the full amount of a filing fee,' and instructs courts to deduct the fee in installments from the prisoner's account.'" *Reed v. Christiansen*, No. 25-cv-10358, 2026 WL 678410, at *2 (E.D. Mich. Mar. 10, 2026) (quoting *Johnson v. High Desert State Prison*, 146 S.

Ct. 793, 794 (2026) (Sotomayor, J., with Jackson, J., dissenting)). "If filing fees were suspended because of perceived hardship, the Congressional action [in passing the PLRA] would not have its intended effect of discouraging frivolous lawsuits by making prisoners pay at least some of the cost of litigating those cases." *Johnson v. Adult Parole Auth.*, No. 3:16-CV-141, 2016 WL 1626111, at *1 (S.D. Ohio Apr. 25, 2016). *See also Patterson v. Mackie*, No. 13-15149, 2014 WL 1478437, at *1 (E.D. Mich. Apr. 15, 2014) (noting that under the PLRA, the moment a prisoner files his complaint with the Court, he becomes "responsible for the filing fee" and "waive[s] any objection to the withdrawal of funds from his trust fund account to pay court fees and costs"). Plaintiff's motion to waive collection of the filing fee, (Doc. 4), is therefore **DENIED.**

The Court hereby **GRANTS** plaintiff's second motion to proceed *in forma pauperis*, (Doc. 3). It is **ORDERED** that plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. Plaintiff's initial application to proceed *in forma pauperis*, (Doc. 1), is **DENIED as moot**.

Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914. Because he is permitted to proceed *in forma pauperis*, plaintiff is not required to pay the Court's $55 administrative fee. *See* Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts.gov/court-programs/fees/district-court-miscellaneous-fee-schedule (accessed February 12, 2026). Plaintiff's Application, however, reflects that that he does not have sufficient funds to pay the entire filing fee in full at this time.

In accordance with section 804(a)(3) of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b)(1), plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint. After payment of the initial partial filing fee, plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(2).

The custodian of plaintiff's inmate trust account at the institution of his residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of:

(a) the average monthly deposits to the inmate trust account; or

(b) the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

28 U.S.C. § 1915(b)(1). If plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from plaintiff's account when such funds become available. 28 U.S.C. § 1915(b)(4). Even if the account balance is less than $10, the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10, until the full fee of $350 has been paid. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). If plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new

custodian of plaintiff's account can collect and remit the monthly partial payment. Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

**Prisoner Accounts Receivable**
**121 Joseph P. Kinneary U.S. Courthouse**
**85 Marconi Blvd.**
**Columbus, Ohio 43215**

*The prisoner's name and this case number must be included on each remittance.*

The **Clerk of Court** is **DIRECTED** to mail a copy of this Order to plaintiff and the prison cashier's office.

The next step in this case is an initial screening of plaintiff's Complaint, which is required because plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*. 28 U.S.C. §1915A(a); 28 U.S.C. § 1915(e)(2). The Undersigned will conduct this initial screening as soon as practicable. The Court will then enter an appropriate order and, if appropriate, direct service of the Complaint and summons on defendants. The Court will consider any pending motions after, or along with, the initial screening.

Plaintiff is reminded that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED.**

October 8, 2026

*/s/Stephanie K. Bowman*
**Stephanie K. Bowman**
**Chief United States Magistrate Judge**